RECEIVED
APR 03 2017
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____EASTERN_____ DIVISION

| | |
|---|---|
| HUNTER R. LEVI <br><br> Plaintiff, <br><br> vs. <br><br> ST. LOUIS TEAMSTER BREWERY WORKERS PENSION PLAN & ST. LOUIS TEAMSTER BREWERY WORKERS PENSION PLAN TRUSTEES <br><br> Defendants, | ) ) ) ) ) ) CASE NO._____ ) ) ) ) DATE: MARCH 30, 2017 ) ) ) ) |

### ERISA CIVIL COMPLAINT

I. PARTIES

   Plaintiff: Hunter R. Levi
   13001 W118 Terrace
   Overland Park, KS 66210

   Defendants: St. Louis Teamster Brewery Workers Pension Plan
   & St. Louis Teamster Brewery Workers Pension Plan Trustees
   502 Earth City Expressway, Suite 203
   Earth City, MO. 63045

II. STATEMENT OF CLAIM

   Plaintiff Levi, who is proceeding pro se and not an attorney, brings this civil action against the St. Louis Teamster Brewery Workers Pension Plan("Plan") and the St. Louis Teamster Brewery Workers Pension Plan Trustees("Trustees") under ERISA, 29USC1001 et. seq.. The Plan Trustees did not apply Plan language applicable to Levi's Anheuser Busch("AB") employment history in reaching final decision on May 17, 2012, which resulted in a substantially lower monthly pension benefit award to Levi than authorized by the Plan Document.

   Levi seeks Court enforcement of Levi's rights under the terms of the Plan, which will clarify Levi's rights to future benefits under the terms of the Plan, and allow Levi to recover benefits due him under the terms of the Plan, but so far denied by the Plan Trustees' final decision. ERISA502(a)(1)(B), 29.U.S.C. 1132(a)(1)(B), 29USC1102(a)(1).

Levi's AB employment history shows AB changing Levi's organizational assignment on March 16, 2003, while Levi was on suspension awaiting arbitration of the International Brotherhood Of Teamsters' ("IBT") grievance of the February 14, 2003 indefinite suspension.

AB's 3/16/03 action removed Levi from the bargaining unit, which under the Plan's Section 9.09-Transfers, entitled Levi to Credited Service until his retirement on December 1, 2011, of 32 years and 11 months, as the change of organizational assignment was a continuation of service under Section 9.09.

Plan Sections 4.01 and 4.03(d), coupled with Section 9.09, authorized a monthly benefit for Levi of $3176.16, not the $1012.79 that the Plan awarded initially without using Levi's AB employment history, and then failed to apply Plan language to Levi's AB employment history at final decision.

A. Plan Decision Timeline

Levi applied for his AB/IBT pension on September 9, 2011, and the Plan awarded Levi pension benefits on October 14, 2011, to begin on December 1, 2011, after Levi turned 56 on 11/11/11.

Levi appealed the Plan's initial award on October 28, 2011, which the Plan acknowledged by December 1, 2011 letter, confirming the Plan's receipt of Levi's appeal on November 1, 2011, and informing Levi the appeal will be decided by the Plan Trustees on March 1, 2012.

On March 6, 2012, the Plan notified Levi via letter that the Plan Trustees were not able to reach decision on March 1, 2012 because of the special circumstances, and the Plan Trustees requested additional information from Anheuser Busch and the Teamsters, and final decision would be made no later than May 14, 2012.

The Plan Trustees issued their appeal decision on May 17, 2012, which is enclosed as Complaint Exhibit A, which states on pg.3:

> "The Trustees are bound by the facts of your
> employment history and the terms of the Plan."

B. Plan's Initial Award

Enclosed as Complaint Exhibit B is the Plan's October 14, 2011 initial decision, which states in Section 1:

> "The records provided by the Company show you were
> last compensated by the Company in February 2003.
> Consequently, under the terms of the Plan your
> Benefit Determination Date is February 28, 2003...
> the correct multiplier is $79.95."

2

The Plan's initial decision states in Section 1(Comp.Exh.B):

"Your letters confirm that your employment was suspended
on February 14, 2003, and that you were subsequently
discharged without returning to work. If you received
compensation from the Company for any day after
February 28, 2003, please provide documentation of
that to the Fund Office."

Levi was suspended on 2/14/03, not his employment, and the Plan confirms the Plan reached decision without using Levi's AB employment history, violations of Plan Sections 13.07 & 14, and ERISA.

In Sect. 2 of its initial decision, the Plan states(Comp.Exh.B):

"The undisputed fact is that your employment with
Anheuser Busch terminated in 2003. Whether your
termination was rightful or wrongful, the Plan can
only pay the benefits to which you are entitled in
accordance with the terms of the Plan. For the
reasons stated above, your application for a pension
commencing December 1, 2011 is granted in the amount
of $1012.79. Your claim the multiplier should be
higher and that you are entitled to enhanced benefits available
only to participants who meet the requirements for an
early retirement are denied."

The Plan does not give a date for Levi's end of employment as required under Section 13.07 of the Plan, and does not explain how a multiplier of $79.95 per month times 24 years and 2 months of service, $1927 a month, becomes $1012.79.

The only reduction amount listed in the Plan is 0.35 a month in Plan Section 4.03, which at 108 months times 0.35 would be a 37.80% reduction or $1197 a month due Levi. The Plan supported the award with a false claim that AB last compensated Levi in Feb. 2003, Comp.Exh.B.

C. Levi's AB Employment History

Enclosed as Complaint Exhibit C is an August 14, 2003 Anheuser Busch paycheck to Levi for over $10,000 in vacation and sick pay, which confirms AB paid Levi after February 2003.

Under Plan Section 9.02-Hours Worked, AB was required to make payments to Levi's pension account in August 2003, but failed to do so because Levi had been removed from the bargaining unit on 3/16/03.

The correct multiplier for a Benefit Determination Date after February 28, 2003 is $81.96, if Levi's employment ended before December 2, 2003, Section 4.01 of the Plan, enclosed as Complaint Exhibit D.

3

The higher multiplier and 6 months more of service would bring Levi's monthly benefit to $2012, before any authorized reduction.

This confirms AB withheld the existence of the August 14, 2003 Levi paycheck from the Plan in 2003. The Plan's 2011 false claim caused the Plan Trustees to delay final decision, to request documents from AB and the Teamsters. The Plan's March 6, 2012 delay and AB request notice to Levi is enclosed as Complaint Exhibit E.

Enclosed as Complaint Exhibit F is AB's August 6, 2003 payroll authorization for the August 14, 2003 paycheck for Levi, which is signed by AB-HR employees Linda Gaithright and Deb Davis, and sent to AB payroll's Sharon Lawrence.

The AB payroll authorization form has an "if discharged" section and a "termination completed" section, both of which are blank, confirming Levi was still an AB employee on August 6, 2003. Comp.Exh.F

Enclosed as Complaint Exhibit G is Levi's AB permanent record which shows AB changing Levi's organizational assignment on March 16, 2003, the last entry, confirming Levi remained an AB employee for another 8 years plus, and was still an employee when he applied for his pension in September 2011, to begin on December 1, 2011, after Levi turned 56 on 11/11/11.

D.  Plan Trustees Final Decision

The Plan Trustees disregarded this and claimed Levi was discharged on August 6, 2003, Comp.Exh.A,Sec.1,even though Levi's AB employment history does not show an August 6, 2003 end of employment, Comp.Exhs. F&G.

The Plan Trustees used this false claim in support of their Section 1-Benefit Accrual Rate decision that AB did not owe pension payments to Levi's Plan account for the 8/14/03 paycheck because it came after Levi was discharged, and the Plan Trustees denied an increase in the multiplier and Levi's service, Comp.Exh.A.

The Plan Trustees violated Plan Section 9.02 which considered the compensation hours worked, and required AB to make pension payments to Levi's pension account, and 9.02 is enclosed as Complaint Exhibit H.

The Plan Trustees did not apply Plan language to Levi's pension multiplier, Benefit Determination Date and Credited Service,Comp.Exh.A.

In the Plan Trustees' Section 2-Early Retirement analysis, the Plan Trustees do not identify Levi's end of employment date, stating only,Comp.Exh.A:

> "The information you provided to the Trustees confirms that you were discharged by Anheuser-Busch in 2003. Based on your date of birth of November 11, 1955 you were age 47 at time of discharge."

4

The Plan Trustees in Section 3-Additional Service, paragraph 1, Comp.Exh.A:

"You claim that because your discharge was illegal and you never quit, the Trustees must somehow conclude your employment with Anheuser-Busch continued until you elected to retire in 2011".

The Plan Trustees confirm the issue of extra years of Levi service until 12/1/11 was before them.

The Plan Trustees at the end of Section 3,Comp.Exh.A:

"The Trustees do not have authority to award credit for pension purposes for years in which you were not employed by an Employer in a position for which a collective bargaining agreement required contributions to the Plan. Plan Section 1.11."


E. Applicable Plan Language


Section 4.06(b)(4) of the Plan, enclosed as Complaint Exhibit I:

"Severance From Employment has occurred when a participant is no longer an Employee of any Employer maintaining the Plan."

Section 9.09-Tranfers, enclosed as Complaint Exhibit J:

"for the purposes of applying the 35 year limitation on Credited Service as provided in Subsection 9.06(b)(5), there shall be added to the actual Credited Service of a Participant under this Plan employment in the Brewery industry in the St. Louis area, either(a) within a bargaining unit covered by the Bottlers Local No. 1187 Pension plan, or (b)in employment not covered by either such Plan, but in the employ of the same employer as immediately preceding or immediately following a period of employment as an employee. For such purposes, such additional service shall be credited as provided in Section 9.06, hereof, as if such service had actually been covered by this Plan, and the required contributions, if any, for such service had actually been made."

Section 13.07 of the Plan, enclosed as Complaint Exhibit K:

"The powers of the Plan Trustees include: (h)To develop procedures for the establishment of Credited Service as defined herein and, after affording interested parties and Employers an opportunity to make objections with respect thereto, to establish such facts conclusively."

5

Section 4.03(d) of the Plan, enclosed as Complaint Exhibit L:

"The early retirement Pension of a Participant whose
retirement occurs under the provisions of Section 3.02
shall be unreduced under the following conditions:
(1) He is a Group E Participant whose status as an
Employee terminates on or after December 2, 2003, and
on or after attaining age 56 with the completion of
at least 15 years of Credited Service;"

F. Correct Benefit For Levi

Had the Plan Trustees applied Plan language to Levi's AB employment history, Levi's monthly benefit would have more than tripled from the initial award of $1012.79 to $3176.76, based on a Section 4.01 multiplier of $96.51 times 32 years and 11 months of Credited Service (Jan. 8, 1979-Dec. 1, 2011) with no reduction for early retirement at age 56 under Section 4.03(d)(1).

G. Plan Trustees Use Of Plan Section 1.11

In denying Levi additional service in Section 3 of their final decision, Comp.Exh.A, the Plan Trustees do not claim Levi lacks service past 2003, instead denying Levi in the years past 2003 because Levi did not fit the Plan definition of an employee, Section 1.11.

The definition of an employee in Section 1.11 is prefaced on being in a bargaining unit, which confirms AB transferred Levi out of the bargaining unit on March 16, 2003, with a change in organizational assignment, Comp.Exh.G, leaving Levi still receiving Credited Service under Section 9.09 of the Plan, which cites Section 9.06(b)(5) of the Plan-Credited Service, Comp.Exh. J.

The Plan Trustees admit viewing other AB employees' records to compare with Levi's, Comp.Exh.A, so the Plan Trustees knew Levi was still an AB employee when he retired on December 1, 2011, and claimed he was not entitled to more pension service because he was outside the bargaining unit past 2003.

Enclosed as Complaint Exhibit M is a May 12, 2011 Plan Benefit Worksheet calculation page for Levi at Normal Retirement at age 65.

The Plan's Worksheet shows at 3. Accrued Pension, and at 5.- Net Accrued Pension, Comp.Exh.M.

5. Net Accrued Pension is 3. Accrued Pension minus 4. Company Pension, which confirms Plan Section 9.09-Transfers continues Credited Service for a Participant's change in organizational assignment when it takes them outside the bargaining unit they started out in.

6

The Plan Trustees violated their fiduciary duties by treating Levi's pension as a Deferred Vested Pension, Section 3.04, based on Section 9.07(c), which was not triggered because Levi remained an AB employee until his retirement at age 56, as a result of AB's March 16, 2003 change of Levi's organizational assignment, which moved Levi out of the bargaining unit, and triggered Plan Section 9.09 Transfers.

III. RELIEF REQUESTED

Levi is asking the Court to order the Plan to start paying Levi's pension at $3176.16 per month. Levi is asking the Court to order the Plan to pay back benefits to Levi of $2163.97 per month from December 1, 2011 to the date of the Court's order to raise Levi's pension payment. Levi is seeking the Court to issue any and all orders needed to remedy the damage caused to Levi as authorized under 29USC1001 et. seq., including payment of interest on the back benefits, which at this point are nearing $150,000, as the damage to Levi is ongoing.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 30TH day of MARCH, 2017

_Hunter R Levi_
Hunter R. Levi    PRO SE
13001 W118 Terrace
Overland Park, KS 66210
913-217-5394

Complaint Exhibits                          (Exhibit 1 page unless noted)

    A. PLAN TRUSTEES 5/17/12 Final Decision    (4 pages)
    B. Plan's 10/14/11 Initial Award             (4 pages)
    C. August 14, 2003 AB Paycheck To Levi
    D. Plan Section 4.01    (3 pages)
    E. Plan's 3/6/12 Delay & Records Request Notice To Levi
    F. AB Authorization of 8/14/03 Paycheck To Levi
    G. AB Permanent Record For Levi w/ 3/16/03 Change In Assignment
    H. Plan Section 9.02
    I. Plan Section 4.06(b)(4)
    J. Plan Section 9.09 Transfers    (2 pages)
    K. Plan Section 13.07(h)              (2 pages)
    L. Plan Section 4.03(d)
    M. Plan's Benefit Worksheet For Levi From 5/12/11

7