# ST. LOUIS TEAMSTER BREWERY WORKERS PENSION PLAN

*502 Earth City Expressway, Suite 203  •  Earth City, MO 63045*
*(314) 344-8899 (St. Louis)  •  1-800-556-1742 (outside of St. Louis)*

ZENITH ADMINISTRATORS, INC.
Administrative Manager

May 17, 2012

COMPLAINT
EXH
A-1

Mr. Hunter R. Levi
13001 W118 Terrace
Overland Park, KS 66210

Dear Mr. Levi:

      The Trustees of the St. Louis Teamster Brewery Workers Pension Plan (the "Plan") considered your appeal at their meetings on March 1, 2012 and May 14, 2012. Each Trustee received a copy of the enclosed binder with copies of your correspondence dated June 3, 2011, September 23, 2011, October 28, 2011, December 8, 2011, December 13, 2011 and January 24, 2012, with all attachments, in advance of the March 1 meeting. Each Trustee received your correspondence dated April 24, 2012, with attachments, in advance of the May 14 meeting.

      You asked about the specific Plan document sections which show when an Employer is allowed to stop making pension contributions for Teamster employees. A complete copy of the Plan document was provided to you last year. The Employer contribution requirements are stated in Section 11.01 of the Plan. Specifically, Section 11.01(a) provides that each Employer "shall contribute to the Fund with respect to each of its Employees for each compensated day for which compensation is payable to such Employee," but not to exceed five days for any week. Except as provided in Section 11.01(c) with respect to employees absent from work due to an injury for which workers compensation benefits are paid, Employers are not required to make pension contributions for days for which no compensation is payable to an employee.

      The Trustees denied your appeal for the reasons stated below.

**1.**    **Benefit Accrual Rate**

      The Trustees determined that your Benefit Determination Date was February 28, 2003 and that your pension was properly calculated using the accrual rate in effect as of that date. Accordingly, the Trustees denied your claim that your benefit should be calculated using the higher rate effective March 1, 2003.

      Under Plan Section 4.01, the monthly amount per year of credited service is determined by the Benefit Determination Date. The Benefit Determination Date is defined in Plan Section 1.04 as the last day of the final month in which contributions are due on behalf of the Participant pursuant to Section 11.01. Your benefit was calculated using the Group A accrual rate of $79.75

applicable to Benefit Determination Dates from March 1, 2000 to February 28, 2003 with a date of termination of employment on or after March 1, 2000.

The Trustees reviewed information confirming the following facts. Your last day of active work for Anheuser-Busch was February 14, 2003 when your employment was suspended. February 2003 was the final month for which contributions were made to the Plan on your behalf. You were discharged from employment on March 5, 2003, subject to arbitration. On August 1, 2003 the Arbitrator issued a Summary Decision determining that your discharge was for just cause. The discharge became final on August 6, 2003. On August 14, 2003, Anheuser-Busch issued a payment to you in the amount of $10,366.40 for accrued vacation and sick pay. Anheuser Busch does not include hours credited for accrued vacation and sick pay paid after an employee's termination of employment as pensionable hours for which it makes pension contributions to the Plan. This is true regardless of the reason for termination, whether due to voluntary termination, involuntary discharge, retirement or death.

C.E.
A-2

Plan Section 11.01(a) requires Employers to make contributions "for each compensated day for which compensation is payable to such Employee." Lump sum payments of accrued vacation and sick pay paid to former employees after employment terminates are not associated with actual vacation or sick days used during the period of employment for which compensation is payable to an Employee. Employers have never been required to make pension contributions on such pay. The Plan has been administered on a consistent basis with respect to the treatment of such pay for pension purposes. Accordingly, the Trustees determined that February 2003 was the final month in which contributions were due to the Plan on your behalf and that February 28, 2003 was your Benefit Determination Date.

2.  **Early Retirement Pension**

The Trustees denied your claim for early retirement benefits because you do not satisfy the requirements to qualify for an early retirement pension and the specific early retirement pension benefits provided by Sections 4.03(b) and (c) and Section 8.01 of the Plan.

To qualify for an early retirement pension a participant must have attained age 55 by the time he ceases employment covered by the Plan. Plan Section 3.02. A participant who is eligible for an early retirement pension under Section 3.02 must also satisfy the requirements stated in Section 4.03 and Section 8.01 to qualify for the specific early retirement benefits provided by those Sections.

> Plan Section 4.03(b): Group A participants are eligible for the 21% maximum reduction in the early retirement pension if they have attained age 56 on the date they terminate employment as an Employee.

> Plan Section 4.03(c): A Group A participant is eligible to have his early retirement pension increased to the amount of an unreduced normal retirement pension after he reaches normal retirement date if his status as an Employee terminates on or after attainment of age 56.

Plan Section 8.01(b): A Group A participant is eligible to receive the $500 per month supplemental early retirement benefit if his employment as an Employee terminates on or after attainment of age 56.

The information you provided to the Trustees confirms that you were discharged by Anheuser-Busch in 2003. Based on your date of birth of November 11, 1955, you were age 47 at the time of discharge. For purposes of the Plan your employment as an Employee terminated and your status as an Employee covered by the Plan terminated in 2003 when you were discharged. Accordingly, the Trustees determined that you do not satisfy the requirements for an early retirement pension and the specific early retirement benefits claimed in your appeal.

A-3

Your discharge in 2003 resulted in loss of your credited service under Plan Section 9.07(c). You are entitled to a deferred vested pension under Plan Section 3.04 beginning on an early retirement date, which can be the first of any month after you reach age 55. A deferred vested pension commencing on an early retirement date is the actuarial equivalent of the deferred vested pension payable at normal retirement date. Plan Section 4.04(b). Accordingly, the Trustees confirmed that your deferred vested pension commencing on December 1, 2011 at age 56 must be calculated using the Plan's actuarial reduction factor for a benefit commencing 108 months (9 years) prior to normal retirement date (the first of the month following attainment of age 65).

### 3. Additional Service Due to Allegedly Illegal Discharge

The Trustees denied your claim that your pension should be calculated as if you had remained employed with Anheuser-Busch until you elected to retire in 2011, thereby treating you as having satisfied the age requirement for an early retirement pension and having earned a total of over 32 years of credited service. This claim is based on your allegations that your discharge was illegal and reduced your years of pension service through fraud and bad faith and violations of the collective bargaining agreement. You claim that because your discharge was illegal and you never quit, the Trustees must somehow conclude that your employment with Anheuser-Busch continued until you elected to retire in 2011.

You submitted with your appeal copies of the Summary Decision dated August 1, 2003 and excerpts from the decision dated September 22, 2003 In the Matter of Arbitration Between Anheuser-Busch, Inc. and Local 6, International Brotherhood of Teamsters, in Case No. IN-5-03 (Hunter Levy [sic] Arbitration). The Arbitrator ruled that Anheuser-Busch management reasonably concluded that you were not capable of working harmoniously within the Anheuser-Busch environment and that your discharge by Anheuser-Busch was for just cause. You later filed suit against Anheuser-Busch and others alleging that you were wrongfully discharged. Your claims for wrongful discharge and civil conspiracy were dismissed with prejudice by the U.S. District Court for the Western District of Missouri on October 27, 2008. That decision was affirmed by the U.S. Court of Appeals for the Eighth Circuit on January 14, 2010. Copies of these decisions are enclosed.

The Trustees are bound by the facts of your employment history and the terms of the Plan. Your employment was terminated by your discharge in 2003. Your attempt to challenge

your discharge in the courts was unsuccessful. Following your discharge you did not resume employment with Anheuser-Busch or with any other Employer under the Plan. The Trustees do not have authority to award credit for pension purposes for years in which you were not employed by an Employer in a position for which a collective bargaining agreement required contributions to the Plan. Plan Section 1.11.

A-4

**Your Request for Documents**

The Trustees requested information to confirm that participants have been treated in a consistent manner with respect to accrued vacation and sick pay paid after termination of employment. Anheuser-Busch provided documents which confirmed that hours credited for accrued vacation and sick pay paid after termination of employment are not recorded as pensionable hours which is the basis for determining and making pension contributions. The documents were comprised of the records of a number of different individual participants and showed that participants were treated in a consistent manner with respect to such payments regardless of the reason for termination. The DOL claim and appeal regulations do not require the Plan to disclose individual records of other participants.

This decision concludes your appeal rights under the Plan. Copies of the documents, records and other information relevant to your claim are enclosed. You have the right to bring a civil action under Section 502(a) of ERISA.

Finally, earlier this year Robert G. Zimmer was appointed to succeed John J. Stewart as an Employer Trustee. Mr. Stewart did not participate in considering your appeal.

Sincerely,

Zenith American Solutions, Inc.

By: *Kathy Leonard* (signature)
Title: Branch Manager

enclosures
cc:  Trustees
     U.S. Department of Labor